UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED

AUG 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOEL L. WALLACE #11940-078
FCI-Low Petitioner,
P13 S B 26020
vs. Beaumont Tx 77720
ALBERTO GONZALES, ATTORNEY GENERAL
UNITED STATES, HARLEY LAPPIN
DIRECTOR BUREAU OF PRISONS

Respondents

Case: 1:07-cv-01536
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 08/22/2007
Description: Habeas Corpus/2255

PETITION FOR WRIT OF HABEAS CORPUS
Pursuant To Title 28 U.S.C. § 2241 (a)

Comes Now, Petitioner WALLACE, acting pro-se in the above matter.

The Petitioner WALLACE, is at Federal Correctional Institution whose statutory and Due Process rights have been violated by the Federal Bureau of Prisons when they unconstitutionally denied him early release eligibility under 18U.S.C. §3621(e), the Equal Protection Clause, and Due Process Clause of Fifth Amendment. An inmate who was sentence to a term of imprisonment pursuant to the provisions of Chapter 227, sub-chapter (D) for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug treatment program during his/her current commitment may be eligible, in accordance with paragraph (a) of this section for early release by a period not to exceed 12 months. Namely the five-hundred (500) hour in patient treatment program offered within the designated facilities. This is an intentive drug treatment program in which Congress enacted to address the growing concern and as an incentive authorized for a sentence reduction for those who completed the program. And it is for reason petitioner appeals to this Honorable Court for (consideration for early release).

1

## Jurisdiction of the Court

This Court has jurisdiction over this action pursuant to 28 U.S.C §2241 because the petitioner's term in federal custody is being determined in violation of the United States Constitution and the Laws of the United States.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, in that the action arises out of the Constitution and Laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4), in that the petitioner seeks to redress the deprivation or right guaranteed by both the Constitution and Federal Statutes.

## PARTIES

The petitioner is presently confined at a Federal Correctional Institution pursuant to a judgment of the United States District Court for the District of SOUTHERN ALABAMA, the Warden of the Federal Correctional Institution and through the Federal Bureau of Prisons an agency of the United States Department of justice is responsible for the petitioner's custody and his/her term of confinement.

## Statement of the Case

On 7/11/2006 the Honorable Judge BUTLER JR for the United States DIstrict Court for the District of SOUTHERN ALABAMA sentence the petitioner to a term of imprisonment for 78 mths upon his/her conviction for violation of FAILD MARIJUANA 21:841(a)(1) AND USE AND CARRY OF A FIREARM IN FURTHURANCE OF A DRUG CRIME Case No. 05 00203-001 has been in custody in connection with this offense since 1/11 ,205 .

## Statement of Law

Program statement, which listed felon in possession of firearm as disqualifying "crime of violence" for purpose of early release under

prison's drug abuse treatment program and which was in effect when inmate began and completed the program was insufficent authority to render inmate ineligible for early release based on successful completion, insomuch as prevailing statutory definition of " crime of violence " did not encompass felon's mere possession of firearm. 18 U.S.C.A. § 16, 922(g), 924(c)(3), 3621(e)(2)(B).

In King v. Morrison 231 F.3d 1094 (8th Cir. 2000) Section 32001 of the Violent Crime control and Law enforcement Act of 1994 codified at 18 U.S.C.A. § 3621(e)(2)(B) authorizes the B.O.P. to offer an early release incentive to certain federal prisoners to encourage them to enroll in it's voluntary drug abuse treatment program. The statute is discretionary. It does not require the B.O.P. to give any prisoner a sentence reduction. The agency must only (1) limit it's consideration reductions to those prisoner's convicted of non violent offenses: (2) Limit any sentence reduction to one year or less.

Futher Congress did not define " crime of violence " leaving agency to interpret the term. On May 25, 1995, the B.O.P. issued P.S. 5330.10 (Drug Abuse Programs Manual) which listed the qualifications that participating inmates must meet in order to qualify for early release eligiblity.
A substance abuse problem [shall] have the opportunity to participate in appropriate substance abuse treatment. In 1994, as incentive for prisoner's to seek treatment, Congress made one-year sentence reductions available to prisoners convicted of non-violent offenses who succesfully completed the substance abuse treatment programs, 18 U.S.C. §3621(e)(2)(B). As a result , in 1995, the B.O.P. published a regulation to implement the early release incentive and defined a non-violent offense to exclude any conviction accompanied by the possession of a firearm or other dangerous weapons. The Ninth Circuit rejected the B.O.P.'s interpretation, holding that the

B.O.P. cannot define " non-violent offense " to exclude firearm possession when Congress defines " non-violent offense " in precisely the opposite way Davis v. Crabtree 109 F.3d 566, 569 (9th Cir. 1997): See also Downey V. Crabtree, 100 F.3d 662, 667 (9th Cir. 1996).

According, the B.O.P. promulgated an interim regulation on Octber 9,1997, and made the regulation effective on October 15, 1997, See 28 C.F.R. §550.58(a)(1)(vI)(B)(1997); 62 F.3d Reg. 53, 690, P.S. 5162.04 (Oct. 9, 1997). The (1997) interim regulation made ineligible for the early release incentive to those prisoners currently incarcerated for an offense that involved the possession, use, or carrying of a firearm 28 C.F.R. §550.58(a)(1)(VI)(B) Relying instead on its discretion rather than on an interpretation of the term " non-violent offense " , the B.O.P.'s (1997) rule and program statement exclude exacty the same prisoners from early release eligibility who were ineligiible under the old rules Id.

But the Court have upheld the exercise of the B.O.P.'s descretion on rule and program statements and policies were invalid because they were not implemented in accordance with the notice and comment provisions of the Administrative Procedures Act (APA). Lopez v Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 143 L.Ed 2d 635 (2001); Grassi v Hood, 251 F.3d 1218, 1221 (9th Cir. 2001); Bower v Hood, 202 F. 3d 1211 (9th Cir. 2000) rev'g Davis v Crabtree, 28 F. Supp. 2d 1264 (D. Or. 1998)(holding that the B.O.P.'s new interp tation conflicted with the unambigously expressed intent of Congress, Meriting on defense). On December 22, 2000, the B.O.P. replaced the (1997), interim regulation with a final regulation which adopted the (1997) regulation without any change. See 65 Fed. Reg.80, 745. See in Bohner v Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003) that the (1997) rules were invalid because they were promulgated in violation of the (APA). In the Ninth Circurt Court

of Appeals it was held in Paulsen v. Daniels, that the B.O.P. plainly violated the APA in it's promuglation of the (1997) interim regulation" and that because the effect of the regulation was to deny petitioner's sentence reduction the petitioner clearly has sustained an injury in fact affording him standing .ID at 1004, 2005 WL 1523203.

Petitioner also submits to this Honorable Court the Statute 18 U.S.C 3621 (e)(5)(B) authorized the BOP to select those inmates who will be best served by participation in a treatment program.

Congress did not specify a precise program to be implemented by the BOP, but instead left to discretion of the BOP the determination of how to implement the specifics of the program:

In effect this subparagraph authorizes the Bureau of Prisons to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and uniformly applied by the Bureau of Prisons.
H.R.Rep. 103-320 , 103rd Congress, 1st Sess.(1993)(Emphasis added).

In Laws V Barron 348 Fsupp2d 795(E.D.KY 2004)the Court explained that "the BOP applies the same standard on the instant Petitioner thoughout the nation , as explained by Dr. Hanson's statement to this effect but also by the language in the regional and national memoranda as they instruct and emphasize consistancy .[P]etitioner challenges this claim and would submit to the Court his exhibit number one.

///// 5-PETITION FOR WRIT OF HABEAS CORPUS

The Exhibit entitled "Operations Memorandum 026-99(5162)
" Dated 5/17/99 Subject :Release Procedures for Inmates Eligible
For Release Under 18 U.S.C § 3621(e).

This memorandum clearly shows that BOP policy is not uniform as required by Congress but varies from Circuit to Circuit.

In Practice the BOP transfers inmates to the less desirable circuits to avoid having to grant the sentence reductions thus circumventing the uniform rule and policy mandate from Congress. If Petitioner were convicted in the Ninth Circuit the Offense of Felon In Possession of a Firearm could not be used to deny sentence reduction eligiblity nor could sentence enhancement factors. See BOP OM 038-97. (Petitioner was not able to find any superceding OM's on this subject).
This action of the BOP is violative of Petitioner's rights of Due Process and Equal Protection granted by the Constitution of the United States.

The Equal Protection Clause forbids a state from arbitrarily treating on group of prisoners worse than another. See Anderson v. Romero 72 F3d 518, 526(7th Cir 1995) also Davis v. Milwaukee County 225 Fsupp2d 967(E.D.Wis 2002).
In the Petitiioner's Case Number 05-00203-001     Felon In Possession of a Firearm , dated 7/11/06 showing this as the basis for denial of eligibilty for a reduction in sentence upon successful completion of the BOP's RDAP Program , Form J would show a deprivation of a due process protected liberty interest, protected by U.S.C.A. Const Amend 5. See Richardson v. Joslin 397 FSupp2d 830 (N.D. TX 2005) stating "Inmate can establish the deprivation of a due-process liberty interest mandated under
///// 6-PETITION FOR WRIT OF HABEAS CORPUS

federal law that affects the duration of his sentence, although this requires more than a unilateral expectation of a sentence reduction, rather inmate must have a legitimate claim of entitlement to sentence reduction.

The disparity between the Circuits as shown by the BOP's Operations Memorandum marked Exhibit One and the Bureau of Prison show not all prisoners are treated properly in regards to their Due Process rights. The due process rights of prisoners include freedom from restraint which imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. Sandin V. Conner 515 U.S. 472, 115 S.CT. 2293, 132 Led2d 418(1995).

Here, Petitioner WALLACE, was convicted of a non-violent offense and claims he is elibible for reduction of his period of custody under under18U.S.C.§ 3621(e).

In summary the Petitioner WALLACE has filed for Habeas Corpus relief under 28 U.S.C. 2241, that the Bureau violated the APA, and that the violation was not harmless, the Question of Remedy, "Ordinarily when a regulation is not promulgated in compliance with the APA, the regulation in invalid". Idaho Farm Bureau, 58 F3d at 1405(9th Cir1987).

## CONCLUSION

Therefore, for these reasons the Petitioner's Writ of Habeas Corpus should be granted and on Order issued to the BOP deeming the Petitioner eligible for a reduction of his period of custody upon Petitioner's successful completion the RDAP Program. IT The BOP shall grant a reduction of one year from Petitioner's sentence.

Respectfully Submitted  *Joel L. Wallace*   Date 8-15-2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS Joel L. Wallace | DEFENDANTS Alberto Gonzales, Harley Lappen |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE |
| Pro Se (PR) | Case: 1:07-cv-01536 Assigned To : Kollar-Kotelly, Colleen Assign. Date : 08/22/2007 Description: Habeas Corpus/2255 |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) # 11940-078 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☒ G. *Habeas Corpus/ 2255*<br><br>☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 8/22/07   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

*[Handwritten at top: Warden, AW Complex, CMC, DAP unit/staff, ??? 5/17/99]*

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

NUMBER: 026-99 (5162)
DATE: 5/17/99
SUBJECT: Release Procedures for Inmates Eligible for Release Under 18 U.S.C. § 3621(e)

EXPIRATION DATE: 5/17/00

1. **PURPOSE AND SCOPE.** To extend the cancellation dates of the Operations Memoranda listed below.

   These OMs relate to court decisions in various Circuits that have interpreted the early release provisions for Residential Drug Abuse Programs (RDAP) under 18 U.S.C. § 3621(e). Because the litigation that resulted in the publication of these OMs is not yet settled, and additional litigation on 18 U.S.C. § 3621(e) releases is pending, permanent Bureau policy cannot be set at this time.

   The cancellation dates of the Operations Memoranda listed below, except for OMs 052-98 and 068-98, were previously extended by OM 032-98 (5162) (5/5/98).

2. **DIRECTIVES REFERENCED**

   PS 5330.10   Drug Abuse Program Manual (6/1/95)
   PS 5162.02   Definition of Term, "Crimes of Violence" (7/24/95)
   PS 5162.04   Categorization of Offenses (10/9/97)

   OM 038-97 (5330)   Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Ninth Circuit (5/31/97)
   OM 054-97 (5162)   Under 18 U.S.C. § 3621(e) Release Procedures Under CN-01 to PS 5162.02 for Inmates in the Ninth Circuit (7/17/97)
   OM 078-97 (5162)   Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Third Circuit (9/8/97)

EXHIBIT 1



07-1536 FILED AUG 2 2 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

OM 022-98 (5162)  Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Seventh Circuit (2/25/98)

OM 023-98 (5162)  Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Eight Circuit (2/25/98)

OM 052-98 (5162)  Release Procedures for Inmates Eligible for Sentence Reduction Pursuant to 18 U.S.C. § 3621(e) in the Tenth Circuit

OM 068-99 (5162)  Release Procedures for Inmates Eligible for Sentence Reduction Pursuant to 18 U.S.C. § 3621(e) in the Eleventh Circuit

3. SUMMARY OF DIRECTIVES. Since staff or inmates may not be familiar with each of these Operations Memoranda, a summary of the cases is provided below. These OMs do not apply to al inmates or all Bureau institutions. Therefore, staff and inmates are encouraged to read each OM to understand each cases's provisions and the requirements imposed upon staff and inmates to implement each decision.

   a. OM 038-97 resulted from two cases in the Ninth Circuit, Downey v. Crabtree and Davis v. Crabtree. In Downey, the Ninth Circuit held that no sentence enhancement factors can be used when determining eligibility for an 18 U.S.C. § 3621(e) release. In the Davis case, the Court held that Bureau staff may not interpret the offense Felon in Possession of a Firearm as a crime of violence.

   b. OM 054-97 announced the results of Cort v. Crabtree in which the Ninth Circuit found that CN-1 to PS 5162.02, Definition of Term, "Crimes of Violence" may not be applied to any inmate who had either begun participating in or received a favorable eligibility determination for a sentence reduction prior to CN-1's issuance on April 23, 1996.

   c. OM 078-97 provided implementation instructions for Roussos v. Menifee in which the Third Circuit held the Bureau could not rely on any sentence enhancement factors when determining whether an inmate is convicted of a nonviolent offense under 18 U.S.C. § 3621(e).

   d. OM 022-98 announced a Seventh Circuit decision in Bush v. Pitzer that was similar to the decision in OM 078-97.

   e. OM 023-98 announced an Eighth Circuit decision in Martin v. Gerlinski that was also similar to the decision in OM 078-97.

OM 026-99 (5162)
5/17/99
Page 3

d. OM 052-98 announced a Tenth Circuit decision in Fristoe v. Thompson that was similar to the decision in OM 078-97.

e. OM 068-98 announced an Eleventh Circuit decision in Byrd v. Hasty that was similar to the decision in OM 078-97.

4. ACTION

a. The expiration dates of all of the Operations Memoranda listed above are hereby extended to the date in the header of this Operations Memorandum.

b. Staff and inmates should consult each particular OM to understand the process and to determine the impact upon any individual case.

c. This Operations Memorandum shall be placed on all Inmate Bulletin Boards and in the Inmate Law Library.

d. A copy of this Operations Memorandum is to be filed in front of each of the Operations Memoranda listed above.

/s/
Dennis Bidwell for
Michael B. Cooksey
Assistant Director
Correctional Programs
Division

/s/
Christopher Erlewine
Assistant Director
General Counsel

```
BMLSJ  540*23 *           SENTENCE MONITORING           *  12-07-2006
PAGE 001         *          COMPUTATION DATA            *  12:26:12
                            AS OF 12-07-2006

REGNO..: 11960-003  NAME: WALLACE, JOEL LEE


FBI NO............: 522130FA1       DATE OF BIRTH: 09-30-1963
ARS1..............: BML/A-DES
UNIT..............: SB              QUARTERS.....: S07-050L
DETAINERS.........: NO              NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 02-22-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  08-22-2011 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION............: ALABAMA, SOUTHERN DISTRICT
DOCKET NUMBER....................: 05 00203-001
JUDGE............................: BUTLER JR
DATE SENTENCED/PROBATION IMPOSED: 07-11-2006
DATE COMMITTED...................: 07-11-2006
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                    FELONY ASSESS  MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:     $200.00        $00.00           $500.00       $00.00

RESTITUTION...: PROPERTY:  NO   SERVICES:  NO       AMOUNT:  $00.00

--------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 382
OFF/CHG: 21:841(A)(1) PWITD MARIJUANA,18:924(C)(1)USE AND CARRY OF A
         FIREARM IN FURTHERANCE OF A DRUG CRIME

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   18 MONTHS
 TERM OF SUPERVISION.............:    5 YEARS
 DATE OF OFFENSE.................: 05-25-2005




G0002          MORE PAGES TO FOLLOW . . .
```

```
SMIRJ  540*23 *              SENTENCE MONITORING              *   12-07-2006
PAGE 002         -           COMPUTATION DATA                 *   12:26:12
                             AS OF 12-07-2006

REGNO..: 11845-078  NAME: WALLACE, JOEL LEE

-------------------------------CURRENT OBLIGATION NO: 020 --------------------
OFFENSE CODE.......: 392
OFF/CHG: 21:841(A)(1) PWITD MARIJUANA,18:924(C)(1)USE AND CARRY OF A
         FIREARM IN FURTHERANCE OF A DRUG CRIME

 SENTENCE PROCEDURE...............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE..:       60 MONTHS
 TERM OF SUPERVISION..............:        5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER.....: CS TO 010
 DATE OF OFFENSE..................: 05-25-2005

-------------------------------CURRENT COMPUTATION NO: 010 -------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-25-2006 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN............: 07-11-2006
AGGREGATED SENTENCE PROCEDURE....: AGGREGATE GROUP 000 PLRA
TOTAL TERM IN EFFECT..............:       78 MONTHS
TOTAL TERM IN EFFECT CONVERTED...:        6 YEARS      6 MONTHS
AGGREGATED TERM OF SUPERVISION...:        5 YEARS
EARLIEST DATE OF OFFENSE..........: 05-25-2005

JAIL CREDIT.......................:     FROM DATE     THRU DATE
                                         12-22-2005   07-10-2006


G0002         MORE PAGES TO FOLLOW . . .
```

```
BM1650  540*21 *               SENTENCE MONITORING              12-07-2006
PAGE 003 OF 003 *              COMPUTATION DATA                 12:26:12
                              AS OF 12-07-2006

REGNO..: 11540-039 NAME: WARDACH, JOHN JR


TOTAL PRIOR CREDIT TIME.............: 201
TOTAL INOPERATIVE TIME..............: 0
TOTAL GCT EARNED AND PROJECTED......: 306
TOTAL GCT EARNED....................: 0
STATUTORY RELEASE DATE PROJECTED....: 08-22-2011
SIX MONTH /10% DATE.................: N/A
EXPIRATION FULL TERM DATE...........: 06-30-2012


PROJECTED SATISFACTION DATE.........: 08-22-2011
PROJECTED SATISFACTION METHOD.......: GCT REL




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```